438 So.2d 159 (1983)
Joseph DEPASQUALE, Appellant,
v.
STATE of Florida, Appellee.
No. 83-130.
District Court of Appeal of Florida, Second District.
September 21, 1983.
*160 Jerry Hill, Public Defender, and John T. Kilcrease, Jr., Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
RYDER, Judge.
Joseph Depasquale seeks review of his judgment and sentence for the first degree felony of armed robbery. Depasquale contends he was improperly convicted of first degree armed robbery, alleging the state failed to establish that he used a weapon during the commission of the crime. We affirm.
The statute under which appellant was charged, section 812.13(2)(b), Florida Statutes (1981), provides that the use of a weapon during the commission of a robbery constitutes armed robbery in the first degree punishable by imprisonment not to exceed thirty years. At trial, the state introduced evidence that appellant used a BB gun in the course of robbing a Lum's Restaurant. Appellant argues that the fact that he possessed a BB gun during the robbery failed to satisfy the state's burden of proving that he used a "weapon."
A weapon is defined under section 790.001(13), Florida Statutes (1981), as any "dirk, metallic knuckles, slungshot, billie, tear gas gun, chemical weapon or device, or any other deadly weapon except a firearm or a common pocket knife." See also section 790.001(6), Florida Statutes (1981). Appellant maintains that because section 790.001(13) fails to include a BB gun among the enumerated items listed as weapons, a BB gun is not a weapon within the context of section 812.13(2)(b), Florida Statutes (1981).
We reject Depasquale's interpretation of section 790.001(13). As noted above, the text of section 790.001(13) concludes in part with the language "... or any other deadly weapon... ." Generally, the term deadly weapon is interpreted as "any instrument that, when used in the ordinary manner contemplated by its design and construction, will or is likely to cause death or great bodily harm." 56 Am.Jur. Weapons and Firearms § 2 at 991 (emphasis added); Smith v. Nussman, 156 So.2d 680 (Fla. 3d DCA 1963); see also Standard Jury Instruction on Robbery; McCray v. State, 358 So.2d 615 (Fla. 1st DCA 1978).
A BB gun is an air or gas operated gun designed to expel lead or other metallic shot. Accordingly, a BB gun possesses the capability of inflicting great bodily harm; a capability that is heightened if a BB gun is used in the manner as the one used by appellant. We find, therefore, that a BB gun constitutes a weapon as contemplated by section 790.001(13), Florida Statutes (1981), and that appellant's use of the BB gun during the commission of the robbery constituted armed robbery in the first degree. Therefore, both the judgment and sentence entered herein are AFFIRMED.
OTT, C.J., and CAMPBELL, J., concur.