440 So.2d 470 (1983)
Ronald E. EISAMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 82-941.
District Court of Appeal of Florida, Fifth District.
November 3, 1983.
*471 James B. Gibson, Public Defender, and David A. Henson, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Sean Daly, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Chief Judge.
Defendant appeals a judgment of conviction based on a negotiated plea of guilty to a charge of false imprisonment, reduced from the original charge of kidnapping. We dismiss the appeal without prejudice to the right of defendant to seek appropriate collateral relief in the trial court.
Defendant was charged with one count of armed robbery, one count of kidnapping and one count of aggravated assault. Following plea negotiations, he entered a plea of guilty to the armed robbery and aggravated assault counts, and also pleaded guilty to the reduced charge of false imprisonment. The factual basis developed at the plea hearing indicated that defendant and an accomplice gained entry at gunpoint to a restaurant shortly after closing hours, that they took money from the safe, bound the two employees' hands and eyes with tape, and placed them in the restaurant cooler, came back to check on the employees a few minutes later, and then made good their escape. The employees managed to unbind themselves, opened the cooler door by an inside latch, and called the police.
Appellant recognized the accuracy of this recitation except for the statement that he and his accomplice returned to check on the employees, which he denied, and then added that when the employees were bound, one of them requested that they be placed in the cooler. The trial court advised defendant that this allegation could be a defense to the false imprisonment charge because it would tend to negate the involuntary nature of the confinement, a necessary element of the charge of false imprisonment. Both defendant and his counsel stated that they understood that a jury could find that the confinement was not against the will of *472 the victims, but because they believed the evidence would also support a finding that the confinement was not voluntary (and most likely because under those circumstances the defendant could be convicted on the charge of kidnapping), defendant and his counsel advised the court that defendant specifically waived that defense. On that basis, the court accepted the plea.
Under both Florida Rule of Appellate Procedure 9.140(b) and section 924.06(3), Florida Statutes (1981), a defendant who pleads guilty has no right to a direct appeal, except for such matters as would invalidate the plea itself. Robinson v. State, 373 So.2d 898 (Fla. 1979). Whatever right exists to appeal from a guilty plea, such appeal should never be a substitute for a motion to withdraw the plea, and in presenting such motion after sentence is imposed, the burden is on the defendant to show that a manifest injustice has occurred. Robinson at 902-903.
Florida Rule of Criminal Procedure 3.170(j) requires that there be a factual basis for the plea. See also, Florida Rule of Criminal Procedure 3.172(a). Where it is clear from the factual basis presented at the plea hearing that the defendant could not have been convicted of the crime to which he has pleaded guilty, fundamental error has occurred, which can be corrected on appeal. See Dydek v. State, 400 So.2d 1255 (Fla.2d 1981); Waugh v. State, 388 So.2d 253 (Fla. 2d DCA 1980). Where, however, the trial court fails completely to develop a factual basis for the plea, withdrawal of the plea may still be denied in the absence of a showing that withdrawal is necessary to correct a manifest injustice. Williams v. State, 316 So.2d 649 (Fla. 1975). This showing should be made by motion for relief under Florida Rule of Criminal Procedure 3.850. See Yarish v. State, 420 So.2d 649 (Fla. 2d DCA 1982).
Where the factual basis developed at the plea hearing is supportive of the charge, but the trial court has failed to make extensive inquiry into a possible defense which is raised in the proceeding, remand is required in order that the facts supporting the charge and the possible defenses be closely examined, and the defendant be given the opportunity of demonstrating that a manifest injustice has occurred. State v. Kendrick, 336 So.2d 353 (Fla. 1976); State v. Lyles, 316 So.2d 277 (Fla. 1975).
The facts before the court at the plea hearing here, reveal that defendant and his accomplice taped the victims' hands and eyes and placed them in the restaurant's cooler while they made their escape. Thus, the factual basis to support the lesser included offense of false imprisonment appears prima facie. See Faison v. State, 426 So.2d 963 (Fla. 1983); Harkins v. State, 380 So.2d 524 (Fla. 5th DCA 1980). If, in fact, the victims voluntarily asked to be placed in the cooler and there was no force or threat exercised by the robbers, a jury might find that the confinement was not involuntary, but in the plea colloquy, the defendant specifically waived this defense. In fact, his attorney indicated, with defendant's assent, that any consent of the victims was not voluntary.
Because it appears that the defendant knowingly waived the possible defense when the trial judge was determining the factual basis for the charge, he cannot now challenge that point on appeal. If he can demonstrate that the plea was nevertheless not knowingly and intelligently made, collateral relief is available to him in the trial court. Robinson v. State, supra.
The appeal is DISMISSED.
DAUKSCH and COBB, JJ., concur.