446 So.2d 1167 (1984)
Gary Edward DUBA, Appellant,
v.
STATE of Florida, Appellee.
No. 82-1670.
District Court of Appeal of Florida, Fifth District.
March 15, 1984.
*1168 James B. Gibson, Public Defender, and Michael S. Becker, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Sean Daly, Asst. Atty. Gen., Daytona Beach, for appellee.
COWART, Judge.
The defendant, driving a van, pointed an air pistol at a victim and said, "Get in the van or I'll kill you." The victim fled. The defendant was apprehended, charged with, and convicted of, the offense of aggravated assault with a deadly weapon (§ 784.021(1)(a), Fla. Stat.) and the offense of attempted kidnapping (§§ 777.04 and 787.01(1)(a)3, Fla. Stat.).
Considering all of the facts and circumstances, including certain contents of the van, we find sufficient competent evidence for the charge of attempted kidnapping to go to the jury and from which the jury could infer (as it did) that the defendant had the specific mental intent to inflict bodily harm upon, or to terrorize, the victim as required by the kidnapping statute (§ 787.01(1)(a)3, Fla. Stat.). See State v. Williams, 444 So.2d 13 (Fla. 1984); Lynch v. State, 293 So.2d 44 (Fla. 1974); Brewer v. State, 413 So.2d 1217 (Fla. 5th DCA 1982), rev. den., 426 So.2d 25 (Fla. 1983); Amato v. State, 296 So.2d 609 (Fla. 3d DCA 1974).
The air pistol in question was designed to expel as projectiles, small round metal pellets, or shot, commonly known as BB's, by the release of gas from a small container or "cartridge" of compressed carbon dioxide (CO[2]) gas. When seized by the police the air pistol lacked the necessary CO[2] cartridge and none were found on the defendant or in the van. Further, the police found the pistol was inoperative when loaded with a CO[2] cartridge. An issue at trial was whether the air pistol was a deadly weapon within the meaning of the aggravated assault statute.
The trial court prohibited the defense counsel from arguing to the jury that the particular air pistol was not in fact a deadly weapon because it did not contain the necessary CO[2] cartridge and was in fact inoperative and incapable of expelling a projectile that could do bodily harm. Because that issue was a question for the jury to decide as a matter of fact, we hold the trial court erred and reverse the defendant's *1169 conviction of the aggravated assault charge.
M.R.R. v. State, 411 So.2d 983 (Fla. 3d DCA 1982), and other cases hold that a firearm is a deadly weapon as a matter of law for purposes of the aggravated assault statute, regardless of whether it is loaded or capable of firing and expelling a projectile. As explained in Bass v. State, 232 So.2d 25 (Fla. 1st DCA 1970), a threat made with a gun can cause such subjective fear and reaction as to foreseeably cause death or great bodily harm to the assailant or bystanders even if the gun used in an assault is not loaded and is not itself directly capable of producing death or great bodily injury. While this may be true as a practical matter, it does not change the correct meaning of the term "a deadly weapon," which, as part of a criminal statute, must be strictly construed. Accordingly, we agree with Judge McNulty, dissenting in Jones v. State, 238 So.2d 661 (Fla. 2d DCA 1970), and reject the expansive view of the definition of "a deadly weapon", contained in M.R.R. and Bass, supra.
We hold that whether or not an object is a deadly weapon is a question of fact to be determined by the jury from the evidence, taking into consideration its size, shape and material and the manner in which it was used or was capable of being used. All facts having probative value as to these matters are admissible on this issue and arguable by counsel and this includes facts relating to whether an object which may be capable of producing death or great bodily harm only by expelling a projectile was, at the relevant time, capable in fact of doing so. See Harpham v. State, 435 So.2d 375 (Fla. 5th DCA 1983), as limited by Ridley v. State, 441 So.2d 188 (Fla. 5th DCA 1983). But see Emshwiller v. State, 443 So.2d 488 (Fla. 2d DCA 1984); Depasquale v. State, 438 So.2d 159 (Fla. 2d DCA 1983).
The conviction of attempted kidnapping is affirmed and the conviction for aggravated assault is reversed and the cause is remanded for a new trial[1] on the aggravated assault charge.
AFFIRMED in part; REVERSED in part.
DAUKSCH and FRANK D. UPCHURCH, Jr., JJ., concur.
NOTES
[1] We note that on the page of the judgment and sentence relating to the aggravated battery offense (Count I) the trial court wrote, "No sentence  Count 1 is lesser of Count 2." This action and reference appears to have been based on this court's interpretation of State v. Hegstrom, 401 So.2d 1343 (Fla. 1981), in Bell v. State, 411 So.2d 319 (Fla. 5th DCA 1982). In view of Bell v. State, 437 So.2d 1057 (Fla. 1983), it appears that if, as the trial court suggests, the battery (or aggravated battery) offense is a necessarily lesser included offense of the attempted kidnapping offense, constitutional double jeopardy prevents a trial and conviction for the lesser included offense and, if it is not, section 775.021(4), Florida Statutes (1983), directs a separate sentence on the conviction of battery (or aggravated battery) offense. On this remand we leave the initial determination of that question to the trial court.