490 So.2d 968 (1986)
STATE of Florida, Appellant,
v.
John Harvey JEFFERS, Appellee.
No. 85-1406.
District Court of Appeal of Florida, Fifth District.
May 22, 1986.
As Modified on Motion for Clarification June 9, 1986.
Jim Smith, Atty. Gen., Tallahassee, and Margene A. Roper, Asst. Atty. Gen., Daytona Beach, for appellant.
James B. Gibson, Public Defender, and Michael S. Becker, Asst. Public Defender, Daytona Beach, for appellee.
CAMPBELL, M., Associate Judge.
The State of Florida brings this appeal from an order of the trial court which granted appellee's motion to dismiss a charge of aggravated battery. We reverse.
Our sole inquiry is limited to the question of whether or not a pellet rifle may constitute a deadly weapon to support an information which charges appellee with a violation of section 784.045, Florida Statutes (1983) by means of the commission of an aggravated battery by use of a "deadly weapon, to-wit: a pellet rifle." In Depasquale v. State, 438 So.2d 159 (Fla. 2d DCA 1983), the second district had occasion to *969 consider the same precise question in regard to the definition of a deadly weapon as enumerated in section 790.001(13), Florida Statutes (1981). The court in Depasquale concluded that a BB gun, an air or gas operated gun designed to expel lead or other metallic shot, was capable of inflicting great bodily harm and thus may fit the definition of a deadly weapon as used in section 790.001(13) depending upon the manner in which it is used. That same rationale is applicable to the term "deadly weapon" as used in section 784.045 and we therefore adopt it. The ultimate question of whether a device can be classified as deadly, depending upon its use, is a jury question. Duba v. State, 446 So.2d 1167 (Fla. 5th DCA 1984).
The order of the trial court is reversed and this case is remanded for further proceedings consistent herewith.
REVERSED AND REMANDED.
DAUKSCH and COWART, JJ., concur.