491 So.2d 1263 (1986)
IN THE INTEREST OF W.M., a Child.
No. 85-2296.
District Court of Appeal of Florida, Fourth District.
July 30, 1986.
*1264 Richard L. Jorandby, Public Defender and Jeffrey L. Anderson, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee and Sarah B. Mayer, Asst. Atty. Gen., West Palm Beach, for appellee.
STONE, Judge.
The defendant appeals the denial of his motion for judgment of acquittal on the charge of aggravated assault with a deadly weapon. The weapon used was a BB gun.
A weapon is a "deadly weapon" if it is used or threatened to be used in a way likely to produce death or great bodily harm. Fla. Std. Jury Instr. (Crim.) p. 88. A BB gun has been found to be a deadly weapon, as it has the capability of inflicting great bodily harm. Duba v. State,[1] 446 So.2d 1167 (Fla. 5th DCA 1984); Depasquale v. State, 438 So.2d 159 (Fla. 2d DCA 1983). In State v. Jeffers, 490 So.2d 968 (Fla. 5th DCA 1986), it was held that a pellet gun may constitute a deadly weapon. Typically, these types of guns expel metallic shot, lead, or projectiles by operation of air or gas.
The appellant argues that because the state alleged in the information that the weapon used was "to-wit: a firearm ... handgun... ." the state was required to prove that the weapon complied with the statutory definition of a "firearm" found in section 790.001(6), Florida Statutes (1985). The insertion of this language in the information, possibly for the purpose of determining whether the statutory mandatory minimum applied, is surplusage as it is not an element of aggravated assault. Mas v. State, 222 So.2d 250 (Fla. 3d DCA 1969). Therefore, it does not matter whether a projectile would be propelled from the gun by means of an "explosive".
We find that a BB gun is a weapon that possesses the capability of inflicting great bodily harm and that the trial court did not err in denying defendant's motion for judgment of acquittal.
AFFIRMED.
GLICKSTEIN and GUNTHER, JJ., concur.
NOTES
[1] We do not discuss the issue, raised in Duba, whether the defense may argue to the jury that the weapon is not a deadly weapon due to the manner in which it was used in the case, as that issue is not before us.