541 So.2d 764 (1989)
Reginald M. WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 88-827.
District Court of Appeal of Florida, Fifth District.
April 13, 1989.
*765 James B. Gibson, Public Defender, and James R. Wulchak, Chief, Appellate Div., Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and W. Brian Bayly, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, Chief Judge.
Williams appeals from his sentences imposed after he pled guilty to trafficking in cocaine[1] and violating his probation. At the plea hearing, Williams agreed to plead guilty if the trial judge gave him concurrent sentences, within the guidelines range. The court accepted the plea and imposed concurrent sentences within the guidelines range: 54 months on each charge, with credit for time served, followed by 10 years probation. Thereupon Williams objected to the term of probation, and insisted that the trial court impose a sentence one bracket higher than the applicable guidelines range, without any time on probation. We dismiss this appeal for lack of jurisdiction.
Appellant relies upon Williams v. State, 522 So.2d 1022 (Fla. 5th DCA 1988) and Holley v. State, 483 So.2d 854 (Fla. 5th DCA 1986). We think these cases are distinguishable because those defendants both fell into the non-state prison brackets under the guidelines, and neither had entered a guilty plea based on receiving a "guidelines sentence." Here, the court accepted appellant's guilty plea to a lesser included trafficking charge on the sole condition that he receive concurrent sentences within the guidelines.
Appellant was so sentenced and thus should have no complaint and no basis for this appeal. If (as appellant's counsel argued at the sentencing hearing) the plea was entered with William's expectation and understanding that no probation would be involved in his sentences, he should have sought to withdraw his plea. The trial court's denial would give us jurisdiction to consider that issue. Robinson v. State, 373 So.2d 898 (Fla. 1979); Eisaman v. State, 440 So.2d 470 (Fla. 5th DCA 1983); § 924.06(3), Fla. Stat. (1987), Florida Rule of Appellate Procedure 9.140(b)(1). As the record now stands, Williams cannot retain the benefit of his bargain, and attack it on appeal at the same time.
APPEAL DISMISSED.
GOSHORN, J., concurs.
ORFINGER, J., concurs specially with opinion.
ORFINGER, Judge, concurring specially.
I concur in the dismissal, because we lack jurisdiction. Any attempt to distinguish this case from those cited in the majority opinion is thus unnecessary to a decision in this case. The defendant pled guilty and received a legal sentence. No appeal lies from a plea of guilty except for such matters as would invalidate the plea. Robinson v. State, 373 So.2d 898 (Fla. 1979). Before a defendant may appeal on a contention that the plea is invalid because the government has failed to comply with the plea agreement, he must first move to withdraw the plea. Eisaman v. State, 440 So.2d 470 (Fla. 5th DCA 1983); Byrd v. State, 419 So.2d 725 (Fla. 5th DCA 1982); Counts v. State, 376 So.2d 59 (Fla. 2d DCA 1979). Because there is no indication that defendant moved to withdraw the plea and *766 that such motion was denied, the appeal must be dismissed.
NOTES
[1] §§ 893.135(1)(b)1. and 893.03(2)(a)4., Fla. Stat. (1987).