PER CURIAM.
Appellant seeks reversal of his conviction for attempted murder based on the trial court’s refusal to hold a Richardson hearing to evaluate the state’s failure to disclose photographs of the crime scene prior to trial. The record does indicate that the failure to disclose was probably inadvertent; however due to the trial court’s refusal to conduct a Richardson hearing, it is impossible to discern whether the defendant was in any way prejudiced. Accordingly, this conviction must be reversed. Smith v. State, 500 So.2d 125 (Fla.1986).
We also note that appellant was sentenced to a three year minimum mandatory sentence based upon use of a firearm although the information only charges that appellant tried to shoot the victim with “a gun”. The jury likewise found appellant guilty of attempted first degree murder with a gun. A gun is not necessarily a “firearm”. See Ridley v. State, 441 So.2d 188 (Fla. 5th DCA 1983). A “firearm” sentence based on use of a “gun” is improper. See State v. Overfelt, 457 So.2d 1385 (Fla.1984). Cf. State v. Jones, 536 So.2d 1161 (Fla. 5th DCA 1988); but cf. Hardee v. State, 534 So.2d 706 (Fla.1988).
REVERSED.
DAUKSCH and GRIFFIN, JJ., concur.
GOSHORN, J., concurs specially with opinion.