669 So.2d 1112 (1996)
Curtis DALE, Appellant,
v.
STATE of Florida, Appellee.
No. 95-135.
District Court of Appeal of Florida, First District.
March 19, 1996.
Nancy A. Daniels, Public Defender; Kathleen Stover, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Douglas Gurnic, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Curtis Dale appeals his conviction for armed robbery with a deadly weapon in violation of section 812.13(2)(a), Florida Statutes (1993), arguing that under the facts of the instant case the evidence was legally insufficient to establish that Dale's use of a BB gun met the statutory definition of a deadly weapon. Because the issue of whether the BB gun used here was a deadly weapon was properly treated as a jury question, we affirm and certify a question of great public importance.
Below, Flowers Bakery employee Ina Bruton, the victim, testified that Dale demanded money from her saying "I got a gun," while at the same time, he pulled his shirt back so she could see a part of something that was black, which she assumed was a gun. Later, Dale's clothes, a BB gun, and a Flowers bag were recovered at the same site. Although the gun was found without BBs or a CO2 cartridge, the state introduced testimony that the BB gun was operational and could *1113 be spring-loaded with BBs.[1] The trial court charged the jury that the state was required to prove Dale used a "deadly weapon," which was defined as a weapon used or threatened to be used in a way likely to produce death or great bodily harm. The jury returned a verdict finding Dale guilty as charged.
In Gooch v. State, 652 So.2d 1189, 1191 (Fla. 1st DCA), rev. denied, 659 So.2d 1086 (Fla.1995), this court ruled that "whether ... an air or gas operated gun is a deadly weapon depends on the manner in which it is used, and whether it will be classified as a deadly weapon is a question for the jury." The trial court here correctly presented this issue to the jury. Gooch, supra; Lynn v. State, 567 So.2d 1043 (Fla. 5th DCA 1990).
We are aware, however, of some confusion in the case law. Compare, Depasquale v. State, 438 So.2d 159 (Fla. 2d DCA 1983) and Bass v. State, 232 So.2d 25 (Fla. 1st DCA 1970) with Duba v. State, 446 So.2d 1167 (Fla. 5th DCA 1984) and M.R.R. v. State, 411 So.2d 983 (Fla. 3d DCA 1982). Accordingly, we affirm, but certify the following question to our supreme court as a matter of great public importance.
CAN A JURY PERMISSIBLY FIND A BB GUN TO BE A DEADLY WEAPON AND A DEFENDANT GUILTY OF ARMED ROBBERY WHEN THE EVIDENCE SHOWS THAT THE BB GUN WAS FOUND UNLOADED, WITHOUT A CO2 CARTRIDGE, AND NO EVIDENCE WAS PRESENTED THAT THE BB GUN WAS LOADED AT THE TIME OF THE OFFENSE, WHERE THE DEFENDANT STATED SIMPLY "I HAVE A GUN" DURING THE COMMISSION OF THE ROBBERY?
AFFIRMED, question certified.
JOANOS, BENTON and VAN NORTWICK, JJ., concur.
NOTES
[1] This evidence distinguishes the instant case from Brooks v. State, 605 So.2d 874 (Fla. 1st DCA 1992), quashed on other grounds, 630 So.2d 527 (Fla.1993), wherein the state did not prove that the starter pistol had a capability to injure. In Brooks, the appellant's conviction for armed robbery was reduced to simple robbery since the starter pistol was not otherwise used in a manner which would or could cause death or serious bodily harm (e.g., it was not used as a bludgeon).