COPE, Judge.
Defendant-appellant Russell B. Morgan appeals an order denying his motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850. We affirm.
Defendant was charged with attempted first degree murder of a police officer and unlawful possession of a weapon while engaged in a criminal offense.* The attempted first degree murder charge carried a potential life sentence, see § 784.07(3) Fla. Stat. (1991), as well as a mandatory minimum sentence of twenty-five years. Id. § 775.0825.
Pursuant to a plea agreement, the principal charge was reduced to attempted first degree murder (rather than the aggravated crime of attempted first degree murder of a law enforcement officer). The agreed penalty was twenty-five years plus a mandatory minimum sentence of eight years because defendant shot the law enforcement officer with a semiautomatic firearm. See id. § 775.087(2)(a).
By motion for postconvietion relief, defendant argues that his eight-year mandatory minimum sentence must be reduced to a three-year mandatory minimum sentence. Defendant asserts that the semiautomatic .45 caliber firearm held only nine rounds. Defendant argues that under subsection 775.087(2), Florida Statutes, the eight-year mandatory minimum sentence may be imposed only if a defendant “had in his possession a semiautomatic firearm and its high-capacity detachable box magazine.... ” Id. § 775.087(2)(a) (emphasis added). A “high-capacity detachable box magazine” means a detachable box magazine “which is capable of being loaded with more than 20 centerfire cartridges.” Id. § 775.087(2)(b)l. Defendant’s sworn motion purports to quote the arrest form in saying that the weapon’s maximum capacity was nine rounds. Defendant thus reasons that there is no factual basis which would support the imposition on him of the eight-year mandatory minimum sentence. The plea colloquy covered the facts of the case, including the use of the semiautomatic weapon, but did not discuss the capacity of the magazine.
For present purposes we accept as true the defendant’s assertion that the maximum capacity of the semiautomatic weapon was *918 nine rounds and that possession of the weapon therefore did not qualify him for imposition of the eight-year mandatory minimum sentence. For two reasons, we agree with the trial court that the defendant is not entitled to relief.
First, defendant does not seek to withdraw his plea and go to trial. If he did so, he would be exposed to the original charges and the possibility of receiving a life sentence with a mandatory minimum term of twenty-five years. Instead, defendant seeks to keep the benefit of the twenty-five-year sentence while reducing the eight-year mandatory minimum term to three years. This defendant may not do. See Stacey v. State, 660 So.2d 1083, 1084 (Fla. 5th DCA 1995), review denied, 669 So.2d 252 (Fla.1996); Williams v. State, 541 So.2d 764, 765 (Fla. 5th DCA 1989).
Second, defendant has made no showing of manifest injustice which would warrant the withdrawal of the plea. Defendant in this ease shot a police officer with a .45 caliber weapon. If convicted, he faced a possible life term with a twenty-five-year mandatory minimum sentence. By virtue of a favorable plea agreement, defendant received a twenty-five-year sentence instead of a life sentence, and an eight-year mandatory minimum sentence instead of a twenty-five-year mandatory minimum sentence. The plea colloquy makes clear that defendant bargained for the reduced charge and shorter sentence, and he has received the benefit of that bargain. Under the circumstances, no manifest injustice has been shown. See Stacey v. State, 660 So.2d at 1084; Williams v. State, 541 So.2d at 765; Eisaman v. State, 440 So.2d 470, 472 (Fla. 5th DCA 1983); see also Novaton v. State, 634 So.2d 607, 609 (Fla.1994); Clark v. State, No. 97-1533, slip op. at 4 n. 3, — So.2d -, - (Fla. 3d DCA Aug. 13, 1997); State v. Frazier, 697 So.2d 944 (Fla. 3d DCA 1997).
We find no merit in the defendant’s other claims in his Rule 3.850 motion.
Affirmed.

 The crime was committed in January 1992.