WHATLEY, Acting Chief Judge.
In this appeal pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), F.W. challenges his adjudication of delinquency for possession of marijuana and cocaine. Our independent review of the record reveals that the trial court failed to strictly comply with the numerous requirements of section 985.23, Florida Statutes (1997), regarding disposition hearings. See C.B. v. State, 706 So.2d 925, 926 (Fla. 2d DCA 1998) (“Strict compliance with the statutory requirements is required in disposition hearings.”).
The trial court announced its disposition at the conclusion of the adjudicatory hearing after asking the Department of Juvenile Justice its disposition recommendation. Although Florida Rule of Juvenile Procedure 8.110(g) does allow the trial court to proceed immediately to disposition at the conclusion of the adjudicatory hearing if the predisposition report is available, there is no evidence in the record of a predisposition report or that one was considered by the court. Rule 8.110(g) provides that if the predisposition report is not available, “the court will continue the case for a disposition hearing and refer it to the appropriate agency or agencies for a study and recommendation.”
Accordingly, we reverse and remand with directions that a new disposition hearing be conducted in strict compliance with section 985.23.
Reversed and remanded.
GREEN and STRINGER, JJ., concur.