STEVENSON, J.
T.H., a minor, appeals his adjudication and disposition for possession of a weapon on school property. We affirm the adjudication of delinquency, but reverse the disposition.
T.H. argues that neither the BB gun nor the paint ball gun found in his book-bag meet the statutory definition of a “firearm” or “weapon.” Both this court and the Second District have previously held that a BB gun has the capacity to inflict great bodily harm and, therefore, qualifies as a deadly weapon. See In re W.M., 491 So.2d 1263 (Fla. 4th DCA 1986); Depasquale v. State, 438 So.2d 159 (Fla. 2d DCA 1983). Further, here, Officer Ortiz testified that a shot from a BB gun can damage an eye and, if shot at close range, can penetrate the skin. The trial court did not err in finding that the BB gun was a weapon within the meaning of section 790.115(2)(b), Florida Statutes (2002), which prohibits the possession of such objects on school grounds.
T.H. also argues that the trial court erred in failing to order a predisposition report prior to committing him to a level six residential facility. We agree that this was error. Section 985.229, Florida Statutes (2002), requires that the court order and consider a predisposition report if residential commitment is anticipated or rec *550 ommended. See M.B. v. State, 720 So.2d 321 (Fla. 4th DCA 1998). The State invites this court to affirm the level six commitment, arguing that although there was no predisposition report, the Department of Juvenile Justice (DJJ) performed a multi-disciplinary staffing and representatives from the DJJ and the Department of Children and Families orally advised the court about the outcome of the staffing. In view of the mandatory language of the statute, such testimony, although properly considered, cannot serve as a substitute for the predisposition report in this case. See F.W. v. State, 777 So.2d 1100 (Fla. 2d DCA 2001). Here, the public defender represented to the court that she had no notice of the staffing, and there was nothing in the record to show that her office had been provided notice.
Accordingly, the adjudication of delinquency is affirmed. The disposition order is reversed and this case remanded with directions that the trial court either (1) obtain an on-the-record waiver of a predisposition report or (2) order and consider a predisposition report prior to final disposition.
AFFIRMED in part, REVERSED in part, and REMANDED.
POLEN and SHAHOOD, JJ., concur.