STEVENSON, J.
J.M.P. was charged in a petition for delinquency with violating section 790.115(2), Florida Statutes (2008) (“[possessing or discharging weapons or firearms at a school-sponsored event or on school property prohibited”), because she brought a BB gun to school. The trial court found J.M.P. guilty beyond a reasonable doubt, but we reverse because the State failed to present evidence that the BB gun at issue fit within the parameters of the statute with which J.M.P. was charged.
Section 790.115 is directed at preventing visitors, students and other unauthorized persons from bringing weapons or firearms onto school property. The term “weapon” is distinctly defined in the statute. Section 790.115(2)(a) provides, in pertinent part, that “[a] person shall not possess any firearm, electric weapon or device, destructive device, or other weapon as defined in s. 790.001(13), including a razor blade or box cutter, ... on the property of any school.”[1] Because a BB gun is not a firearm, electric weapon or destructive device, it is relegated to the category of “other weapon” as defined in section 790.001(13). A “weapon” is defined in section 790.001(13) as “any dirk, knife, metallic knuckles, slungshot, billie, tear gas gun, chemical weapon or device, or other deadly weapon.” § 790.001(13), Fla. Stat. (2008) (emphasis added). Again, since a BB gun is not enumerated, in order to be prohibited under section 790.115(2), the subsection charged, it must be a deadly weapon. See Hutchinson v. State, 816 So.2d 1186, 1187 (Fla. 2d DCA 2002) (reversing conviction for robbery with a weapon, to wit a starter pistol, because the starter pistol did not fall within the definition of weapon supplied in section 790.001(13), unless the pistol was considered deadly, and there was no evidence to support such a finding); Mitchell v. State, 698 So.2d 555, 559-60 (Fla. 2d DCA) (holding that a BB gun is not a “firearm” and, thus, falls within chapter 790’s definition of *191 weapon only if it is an “other deadly weapon”), approved, 703 So.2d 1062 (Fla.1997).
“A ‘deadly weapon’ has generally been defined to be one likely to produce death or great bodily injury.” Dale v. State, 703 So.2d 1045, 1047 (Fla.1997). Our supreme court has held that a BB or pellet gun can be a deadly weapon, and whether it is a deadly weapon is a question of fact for a jury. Id. In Dale, the appellant entered a store, pretending to buy bread. When the clerk opened the register, Dale said he had a gun and revealed to the clerk a black object underneath his shirt. Id. at 1046. Dale was arrested shortly thereafter, and the police recovered a gas-operated BB or pellet gun, which was in working order but without BBs, pellets, or a gas cartridge. Id. Our supreme court concluded that there was sufficient evidence to support Dale’s conviction for armed robbery with a deadly weapon, explaining that
Of key importance is the fact that the jury had an opportunity to view the weapon first-hand. Further, Officer Stone testified concerning the circumstances under which the gun was found and the condition it was in when found, and Investigator Corder showed the jury in detail how the gun operated. The fact that the gun was recovered without BBs, pellets, or gas cartridge is not dispositive.
Id. at 1047.
In the instant case, the school principal testified that she recovered a BB gun from J.M.P. at the elementary school. An officer testified that the BB gun was not loaded. There was no testimony explaining how to operate the gun or what type of injury the gun might inflict. We hold that, pursuant to our supreme court’s analysis in Dale, the evidence in the instant case is insufficient to demonstrate that J.M.P. possessed a deadly weapon. See E.S. v. State, 886 So.2d 311, 312 (Fla. 3d DCA 2004) (reversing conviction for carrying concealed weapon, a BB gun, because the only evidence of gun’s ability to injure was officer’s testimony that it was “ ‘capable of inflicting injury ... [if] properly operated,’ ” and that testimony alone faded to support a factual determination that the BB gun in question was “ ‘likely to produce death or great bodily injury’ ”). Thus, we find that the trial court erred in denying J.M.P.’s motions for judgment of dismissal and reverse.[2]

Reversed.

TAYLOR and MAY, JJ., concur.

. A BB gun is not a firearm. See Petz v. State, 917 So.2d 381, 383 (Fla. 2d DCA 2005); Wilson v. State, 901 So.2d 885, 886 (Fla. 4th DCA 2005).

. We emphasize that while a BB gun could be included within the weapons prohibited by section 790.115(2), the State here failed in its burden to show that the BB gun in question met the statutory criteria. Of course, the Legislature may choose to enumerate BB guns as prohibited weapons under the statutory scheme of section 790.115 and, thus, eliminate the State’s burden to prove their harmful propensities. To date, it has not done so.