47 So.3d 934 (2010)
J.T., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 4D09-3457.
District Court of Appeal of Florida, Fourth District.
November 17, 2010.
*935 Carey Haughwout, Public Defender, and Ephrat Livni, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Mitchell A. Egber, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, J.
J.T. appeals an order finding him guilty of possession of a weapon or firearm on school property. He contends that the state failed to prove that the BB gun he brought onto school property was operable and thus a weapon. Because the state produced the BB gun at trial, and the officer testified regarding its operation and ability to inflict harm, the deadliness of the weapon was a question of fact, and the trial court properly denied J.T.'s motion for judgment of dismissal.
At the adjudicatory hearing, the evidence revealed that J.T. brought a BB gun to his middle school in his backpack. He showed it to several students. After one of the students notified the principal, the school resource officer investigated and found the gun in J.T.'s backpack. When the officer inspected the gun, he found that the CO2 gas cartridge, necessary to make the gun operable, was in the gun, as was at least one pellet. The officer testified that a BB pellet shot from a gun could put someone's eye out, and the BB gun was a dangerous weapon. While the officer did not test the gun, he testified that J.T. had told him that he had fired the gun in the past. It belonged to J.T.'s brother, and J.T. mistakenly brought it to school but admitted he had shown it to friends there. The BB gun, pellets and CO2 cartridge were admitted into evidence.
After the state presented its case, J.T. moved for a judgment of dismissal, arguing that the state had failed to prove that the BB gun was a dangerous weapon, because the state did not prove that the gun was operable. The state objected, claiming that the issue was one of fact for the trier of fact, and that it had produced sufficient evidence to withstand a motion for judgment of dismissal. The judge first found that a BB gun was a weapon and then ruled that there was no proof that the weapon was inoperable. It determined, however, that the state did not have to prove the issue of operability, because of the zero tolerance policy for guns at school. The court denied the judgment of dismissal, withheld adjudication of J.T., and ordered him to perform community service. He appeals.
We apply a de novo standard of review for a motion for judgment of dismissal *936 in a juvenile case. See J.P. v. State, 855 So.2d 1262, 1264 (Fla. 4th DCA 2003). The motion tests the legal sufficiency of the state's evidence. Because the state's evidence was legally sufficient, we affirm.
Section 790.115(2) prohibits the possession of a firearm "or other weapon as defined in s. 790.001(13)" on school property. A BB gun is not a firearm, see Wilson v. State, 901 So.2d 885, 886 (Fla. 4th DCA 2005), and thus that provision of the statute does not apply. The relevant portion of section 790.001(13) defines "weapon" as "other deadly weapon except a firearm...." A deadly weapon is one which can inflict death or great bodily injury. See Dale v. State, 703 So.2d 1045, 1047 (Fla.1997).
This case in controlled by Dale in which the supreme court held that it is a question of fact as to whether a BB gun is a deadly weapon, i.e., whether it is capable of producing death or great bodily injury. The finding of the jury, or trier of fact, will be upheld where there is competent substantial evidence to support the determination. In Dale, the court pointed to the evidence which supported the jury's conviction for armed robbery, where the defendant possessed a BB gun during the robbery.
In the present case, the jury had a sufficient basis for concluding that Dale's weapon was deadly. Of key importance is the fact that the jury had an opportunity to view the weapon first-hand. Further, Officer Stone testified concerning the circumstances under which the gun was found and the condition it was in when found, and Investigator Corder showed the jury in detail how the gun operated. The fact that the gun was recovered without BBs, pellets, or gas cartridge is not dispositive.

Id. at 1047 (emphasis supplied). Dale cites to Bentley v. State, 501 So.2d 600, 602 (Fla.1987) for the proposition: "Whether the gun in [the defendant's] possession was loaded or whether [the defendant] had available ammunition is irrelevant."
Applying Dale in Jones v. State, 869 So.2d 1240, 1242 (Fla. 4th DCA 2004), we reversed a conviction for robbery with a deadly weapon because the BB gun used in the robbery was not in evidence for the jury to examine, as it had been inadvertently destroyed by the state. No one testified as to its operation, and the defendant testified that it "couldn't hurt a fly."
In contrast, in this case the BB gun was admitted into evidence. The investigating officer described the gun and explained to the court how it worked. He testified that a shot from the gun could put someone's eye out. In T.H. v. State, 859 So.2d 549 (Fla. 4th DCA 2003), we held that evidence that the gun could damage an eye was sufficient to prove that the BB gun was a weapon for purposes of section 790.115(2). Moreover, J.T. himself admitted to the officer that he had fired the gun. Therefore, this too supported a finding that the BB gun was capable of producing great bodily harm.
We distinguish our recent case of J.M.P. v. State, 43 So.3d 189 (Fla. 4th DCA 2010). There, the juvenile was also charged with a violation of section 790.115(2) by bringing a BB gun to school. The opinion does not mention that the BB gun was placed in evidence. The court held that the state's evidence was insufficient to show that the gun was a deadly weapon because the state did not provide any explanation of how to operate the gun or the type of injury it would inflict.[1] In this case, the officer testified both as to how the gun operates and the injury it could inflict.
*937 To summarize, we hold that in a prosecution for possession of a BB gun on school premises in violation of Florida Statute 790.115(2), where the state introduces the BB gun into evidence and offers testimony regarding its operation and the extent of harm which can be caused by a BB gun, the state has presented legally sufficient evidence to avoid a judgment of dismissal. It is then a question for the trier of fact to determine by competent substantial evidence as to whether the BB gun constitutes a deadly weapon and thus violates the statute.
Our holding should be limited to those cases where the BB gun is admitted into evidence. We do not comment on whether other evidence could show that the BB gun used in a crime is a deadly weapon even when it is not available as evidence.
Because the state presented legally sufficient evidence to survive a judgment of dismissal, we affirm the trial court's ruling.
Affirmed.
POLEN and LEVINE, JJ., concur.
NOTES
[1] Although the J.M.P. opinion also references the fact that the gun was not loaded, that could not be a dispositive fact because of the language in Dale which declares that the fact that a BB gun is found without pellets or gas cartridges is not dispositive of the deadliness of the gun.