GROSS, J.
Convicted of “exhibiting a firearm or other deadly weapon in a rude, careless, angry or threatening manner,” appellant contends that the State failed to meet its burden of proving that the BB gun he wielded was a “weapon” within the meaning of section 790.10, Florida Statutes (2011). We agree and therefore reverse and remand for the entry of a judgment of dismissal.
Section 790.10 provides:
If any person having or carrying any dirk, sword, sword cane, firearm, electric weapon or device, or other weapon shall, in the presence of one or more persons, exhibit the same in a rude, careless, angry, or threatening manner, not in necessary self-defense, the person so offending shall be guilty of a misdemeanor of the first degree....
A BB gun is not a “dirk, sword, sword cane ... electric weapon or device.” Id. Further, a BB gun is not a firearm. See J.M.P. v. State, 43 So.3d 189, 190 (Fla. 4th DCA 2010). Therefore, to fall under this statute, a BB gun must qualify as an “other weapon.” Section 790.001(13), Florida Statutes (2011), defines “weapon” as
any dirk, knife, metallic knuckles, slung-shot, billie, tear gas gun, chemical weapon or device, or other deadly weapon except a firearm or a common pocketknife, plastic knife, or blunt-bladed table knife.
A BB gun is not one of the enumerated weapons in section 790.001(13); therefore, only if a BB gun is a “deadly weapon” will it fall under the statutory definition of a “weapon.” J.M.P., 43 So.3d at 190. “ ‘A ‘deadly weapon’ has generally been defined to be one likely to produce death or great bodily injury.’ ” Id. at 191 (quoting Dale v. State, 703 So.2d 1045, 1047 (Fla.1997)).
*1287 “[A] BB or pellet gun can be a deadly weapon, and whether it is a deadly weapon is a question of fact for a jury.” Id. at 191 (citing Dale, 703 So.2d at 1047)); accord J.T. v. State, 47 So.3d 934, 936 (Fla. 4th DCA 2010). Where the State offers no evidence about how a BB gun is operated or the type of injuries it might inflict, courts have consistently held that the State has not met its burden of proving that the BB gun is a “deadly weapon.” See 43 So.3d at 191; K.C. v. State, 49 So.3d 841, 842-43 (Fla. 4th DCA 2010) (finding that even though the BB gun was admitted into evidence, the failure to present any testimony about its use or the potential injury it could cause warranted reversal); Santiago v. State, 900 So.2d 710, 711 (Fla. 3d DCA 2005) (“[I]f the weapon is not introduced at trial where it may be inspected and tested by the jury ..., then a finding that the weapon is a deadly weapon will not be sustained.”); E.S. v. State, 886 So.2d 311, 312 (Fla. 3d DCA 2004) (reversing a conviction for carrying a concealed weapon because, under the same statutory definitional scheme, the State failed to offer competent substantial evidence that the BB gun was a “deadly weapon”).
In this case, the State offered a BB pellet into evidence, but not the BB gun. No witness testified about how the BB gun fired by appellant might qualify as a “deadly weapon.” Appellant’s motion to dismiss the charge against him should have been granted because the State failed to prove that the BB gun was a “deadly weapon.”

Reversed and remanded.

CONNER, J., and COX, JACK S., Associate Judge, concur.