64 So.2d 915 (1953)
GERDS
v.
STATE.
Supreme Court of Florida, Special Division B.
May 5, 1953.
Wolfe, Wightman & Rowe, Clearwater, for appellant.
Archie Clement, Tarpon Springs, for appellee.
JONES, Associate Justice.
Melvin W. Gerds, appellant, was convicted in the Circuit Court, Pinellas County, of the crime of breaking and entering with intent to commit a felony, to-wit: rape. He was, thereafter, duly sentenced to serve a term of five years in the State Penitentiary.
Appellant poses three questions for consideration by this Court however, we are of the opinion that a determination of the correctness of the Court's instruction on the law of the case relative to the elements of the crime upon which the defendant was on trial eliminates the necessity of delving into the other matters upon which a reversal of the Court's judgment is sought.
As stated, the defendant was tried and convicted upon the charge of breaking and entering with intent to commit a felony, to-wit: rape. Upon completion of all the testimony and argument of counsel, the Court instructed the jury as to the elements of said crime in the following words:
"Gentlemen, this defendant is charged in this information in entering the house with intent to commit a felony. A felony is an offense punishable by imprisonment in the state prison or death. He is charged with breaking and entering this house and to find him guilty, it will be necessary for you to find that the defendant broke and entered the house. Now in order to constitute an unlawful breaking *916 into a house, it doesn't mean that you have to take a sledgehammer and knock the walls in; it is sufficient if there is any force used to enter the house  the opening of a door, an unlatched door, if it is closed, is sufficient to constitute breaking and entering within the meaning of the law."
"Now then, this defendant is not charged with rape; he is charged in this information with breaking and entering the house with intent to commit rape."
As the foregoing instructions constituted the Court's complete law of the case insofar as the material elements of the crime charged is concerned, it is apparent that the Court failed to fully and properly instruct the jury on the essential elements required to be proven under the issues presented by the information before conviction could legally be obtained.
This instruction excludes a fundamental and necessary ingredient of law required to substantiate the particular crime and such failure is tantamount to a denial of a fair and impartial trial to defendant in that the Court withheld from the jury's consideration the question of "intent" at the time of the alleged breaking and entering. Intent goes to the gist of the offense and is as much of the whole as any part thereof. For all that appears under this charge, the jury could have had for its sole determination the question of whether the defendant broke and entered the dwelling house of the prosecutrix and nothing else.
It is an inherent and indispensable requisite of a fair and impartial trial under the protective powers of our Federal and State Constitutions as contained in the due process of law clauses that a defendant be accorded the right to have a Court correctly and intelligently instruct the jury on the essential and material elements of the crime charged and required to be proven by competent evidence. Such protection afforded an accused cannot be treated with impunity under the guise of "harmless error". See Henderson v. State, 155 Fla. 487, 20 So.2d 649; Motley v. State, 155 Fla. 545, 20 So.2d 798; Croft v. State, 117 Fla. 832, 158 So. 454 and others.
For the reasons stated, the judgment is reversed and the cause remanded for new trial.
TERRELL, Acting Chief Justice, and HOBSON and DREW, JJ., concur.