PER CURIAM.
Petitioner, a witness in a Florida action between a condominium association and a developer, seeks a writ of certiorari quashing a discovery order. Petitioner is an accountant with the Memphis, Tennessee, branch of a national accounting firm. The parties to the litigation arranged for his voluntary deposition in Tennessee. Although the deposition was scheduled, and the witness resided, in Tennessee, neither party took steps to have a commissioner appointed or to have legal process issued and delivered under the provisions of the Uniform Foreign Depositions Act, Section 92.251, Florida Statutes (1981). During the deposition, which occurred without the issuance of a subpoena duces tecum, petitioner made reference to several documents concerning an audit of the condominium association. When asked to release all the documents in the audit file, petitioner *1059 agreed to release those documents to which he had referred, but refused to make available any of the audit department’s work papers or other documents. Three days .later (after notice by mail), the trial court in Florida granted a motion to compel the production of the documents in dispute. The order compelled the witness to deliver the documents within four days and stated that noncompliance would subject the witness to contempt proceedings in Florida. Neither the witness nor his counsel actually received the Notice of Hearing until after the fact, and we conclude the provisions of Rule of Civil Procedure 1.090(d) as to reasonable notice were clearly violated.
In this certiorari proceeding, petitioner argues that the trial court lacked jurisdiction over him. We agree. As noted above, neither party made any effort to comply with the Uniform Foreign Depositions Act. No commission ever issued out of any court, and no application was made to a Tennessee court for the process necessary to secure the attendance of the witness nor the production of the documents. Respondents would have us hold that by voluntarily attending a deposition in another state, petitioner submitted himself to the jurisdiction of the Florida courts. We decline to broaden the scope of in personam jurisdiction to encompass this situation. Even if the witness had submitted himself to the court’s jurisdiction, he was under no compulsion to produce any documents at the deposition absent a subpoena duces te-cum. We grant the writ of certiorari and quash the order compelling production.
WRIT GRANTED; ORDER QUASHED.
LETTS, C.J., and BERANEK and WALDEN, JJ., concur.