PER CURIAM.
Randy Ruffner appeals from a judgment of conviction for sale of a substance in lieu of a controlled substance. For the following reason, we reverse and remand for a new trial.
Ruffner and a codefendant arranged to sell $500 worth of LSD to a police informant. However, the substance sold tested negative for LSD in both field and laboratory tests. Ruffner was charged with violating section 817.563, Florida Statutes (1989), which provides that “[i]t is unlawful for any person to agree, consent, or in any manner offer to unlawfully sell to any person a controlled substance named or described in s. 893.03 and then sell to such person any other substance in lieu of such controlled substance.” However, the jury was instructed on the meaning of “imitation controlled substance,” which is defined in section 817.564, Florida Statutes, in part, as a substance “which is not a controlled substance enumerated in chapter 893....” Section 817.564 prohibits the possession and distribution of imitation controlled substances. The jury was thus instructed on a crime with which the defendant was not charged. Moreover, the charge that was given omitted the element required by the crime charged in the information that the defendant must have agreed, consented, or offered to sell a substance that he knew was a controlled substance.
Accordingly, we reverse. The trial court failed to “correctly and intelligently instruct the jury on the essential and material elements of the crime charged and required to be proven by competent evidence.” Gerds v. State, 64 So.2d 915, 916 (Fla.1953). We deem the error fundamental because the omission was “pertinent or material to what the jury must consider in order to convict.” Stewart v. State, 420 So.2d 862, 863 (Fla.1982), cert. denied, 460 U.S. 1103, 103 S.Ct. 1802, 76 L.Ed.2d 366 (1983).[1]
Reversed and remanded.

. The confusion between the two statutes began with the information, which was entitled "Sale of Imitation Controlled Substance” even though the crime actually specified in the information was sale of another substance in lieu of LSD.