ALLEN, Judge.
The appellant was charged with three counts of robbery with a firearm, in violation of section 812.13(2)(a), Florida Statutes (Supp.1992). The first two counts were severed from the third for trial. In the first trial, the jury found the appellant not guilty under Count I of the information, and guilty of the lesser-included offense of robbery with a weapon under Count II. The jury in the second trial found him guilty of robbery with a firearm as charged under Count III. Of the three issues raised in this appeal from his convictions, only one, which pertains to his conviction for robbery with a weapon (Count II), has merit. Because the trial court incorrectly instructed the jury as to the proof required to establish that the appellant carried a firearm during the robbery alleged under Count II, the appellant’s conviction under that count must be reversed.
Count II of the information alleged that the appellant carried a firearm in the course of robbing the attendant at a service station. At trial, the attendant testified that the appellant committed the robbery. The attendant testified that during the robbery the appellant had both hands in the pockets of his jacket or long-sleeve shirt, and “motioned like he had a gun.” The attendant never actually saw a gun.
After retiring to deliberate, the jury returned to the courtroom and asked whether the appellant could be found guilty of robbery with a firearm or armed robbery if the victim never saw a gun. The trial court responded: “If the victim had reason to believe that he had a firearm and the suspect indicated he had a firearm, then that would be adequate.” The trial court overruled the defense counsel’s objection to the instruction.
The trial judge’s instruction was an incorrect statement of the law. In Butler v. State, *38 602 So.2d 1303, 1305 (Fla. 1st DCA 1992) we recently stated:
[T]o secure a conviction ... for armed robbery while carrying a “firearm or other deadly weapon” or for armed robbery while carrying a “weapon,” respectively, the state must present evidence which would be legally sufficient to permit a jury to conclude that the defendant actually carried a “firearm,” “other deadly weapon” or a “weapon.” While the state may meet this burden by the presentation of circumstantial evidence, it may not do so by presenting evidence of nothing more than the victim’s subjective belief that the defendant possessed a “firearm,” “other deadly weapon” or “weapon.” In fact, it is not necessary that the victim “even be aware that a robber is armed, so long as the perpetrator has the weapon in his possession during the offense.” State v. Baker, 452 So.2d 927 (Fla.1984). “Robbers commonly merely imply the possession of a weapon in order to bolster their threat. [However, t]hat implication cannot amount to proof of the possession.” Ryder v. State, 464 So.2d 1324 (Fla. 5th DCA 1985).
Because we cannot say beyond a reasonable doubt that the erroneous instruction did not affect the jury’s verdict, we must reverse the conviction under Count II. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986). We realize that law enforcement officers testified at trial that the appellant voluntarily confessed to committing the robberies alleged in Counts I and II of the information and admitted to carrying a firearm during both robberies. But the verdicts on Counts I and II strongly suggest that the jury did not accept the officers’ testimony in this regard. In view of the particular concern voiced by the jury’s question, the defective jury instruction might well have affected the verdict. Had the proper instruction been given, the jury might have convicted Bell of unarmed robbery rather than robbery with a weapon.
Accordingly, we affirm the appellant’s conviction under Count III for robbery with a 'firearm, and we reverse his conviction under Count II for robbery with a weapon. We remand this cause to the trial court for further proceedings.
WEBSTER, J., concurs.
LAWRENCE, J., concurs and dissents with written opinion.