706 So.2d 913 (1998)
Peter B. SERAPHIN, Appellant,
v.
STATE of Florida, Appellee.
No. 97-3414.
District Court of Appeal of Florida, Fourth District.
February 18, 1998.
Peter B. Seraphin, Avon Park, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Appellant Peter B. Seraphin challenges the summary denial of his rule 3.850 motion for postconviction relief. We reverse and remand with respect to his first ground for relief only, which alleged that trial counsel was ineffective for insisting he plead to the charge, robbery with a deadly weapon, without informing him that his voluntary intoxication at the time of the offense could be *914 used at trial as a defense to the charge, as opposed to being only a basis for departure in sentencing after the entry of a plea pursuant to Barbera v. State, 505 So.2d 413 (Fla. 1987). The record is clear that counsel knew of Appellant's long history of drug and alcohol abuse and was aware of police reports noting Appellant's intoxication at the time of the offense. But for such advice from counsel, Appellant alleged he probably would have gone to trial.
Voluntary intoxication is a defense to the specific intent crime of robbery. See Gardner v. State, 480 So.2d 91 (Fla.1985). Appellant's allegations that counsel failed to advise him of this defense were sufficient to set forth a claim of ineffective assistance, see Worden v. State, 688 So.2d 958 (Fla. 4th DCA 1997), which may entitle him to withdraw his plea, see Kennedy v. State, 633 So.2d 1145 (Fla. 2d DCA 1994). The summary denial of such an allegation requires record attachments refuting it or an evidentiary hearing. See McCoy v. State, 598 So.2d 169 (Fla. 1st DCA 1992). The plea colloquy attached to the order of denial did not refute this claim.
Therefore, we reverse and remand for an evidentiary hearing or further record attachments refuting Appellant's first ground for relief. We are satisfied that Appellant's other two grounds were properly refuted by the record and we affirm the trial court's summary denial as to those grounds.
Affirmed in part; reversed in part and remanded.
GLICKSTEIN, DELL and GROSS, JJ., concur.