719 So.2d 1017 (1998)
Edward F. SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 98-2268.
District Court of Appeal of Florida, Fourth District.
November 4, 1998.
Edward F. Smith, Century, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Barbra Amron Weisberg, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Edward F. Smith appeals the summary denial of his motion for postconviction relief, filed pursuant to rule 3.850, Florida Rules of Criminal Procedure, in which he raised three grounds of ineffective assistance of counsel and also asserted the lack of a factual basis for a portion of his plea. We reverse and remand for an evidentiary hearing or for the attachment of additional portions of the record which conclusively show, as the plea colloquy attached to the order did not, that appellant is not entitled to relief on the ground that counsel was ineffective in failing to investigate and develop a defense of voluntary intoxication.
In connection with that ground, appellant claimed he would not have entered the plea had he known the defense was available; *1018 that he now knew it was a defense to each of the charges, all of which are specific intent crimes[1]; that evidence was available to support the defense; that the record would show, and Appellant had informed counsel of the fact that, he had consumed and ingested large quantities of alcohol and marijuana just before the commission of the offenses; that he informed counsel of his severely diminished capacity, which was supported by police reports and appellant's postarrest statements; that instead, counsel continually told appellant he had no defense to the charges and had better enter a plea or he would receive the death penalty; that appellant relied on counsel's misadvice as to the availability of a viable defense, rendering his plea involuntary, as he would not have entered the plea but for counsel's misadvice.
This ground is legally sufficient. See Seraphin v. State, 706 So.2d 913 (Fla. 4th DCA 1998) (reversing in part summary denial of motion for postconviction relief, alleging trial counsel was ineffective for insisting appellant plead to charge of robbery with deadly weapon, a specific intent crime, without informing him that voluntary intoxication could be used as defense, where plea colloquy attached to order of denial did not refute claim).
In its response to this court's order to show cause, the state argued that the denial of the instant motion could be affirmed because the motion was successive to a prior motion to withdraw plea in which Appellant had asserted ineffective assistance of counsel, and which the trial court had addressed on the merits. The state included in its appendix copies of the motion and the order. However, in order to uphold a denial on the basis of rule 3.850(f) (successive motions), excerpts from the record demonstrating the successiveness of the motion must be attached to the order of denial. See Bell v. State, 585 So.2d 496 (Fla. 2d DCA 1991) (reversing order denying postconviction motion as successive and abuse of procedure for failure to attach prior motions and pertinent records to permit the appellate court to review the dismissal). The state's supplying them in an appendix to its response to this court cannot cure the deficiency. See Wheeler v. State, 634 So.2d 213 (Fla. 4th DCA 1994) (reversing order denying motion for postconviction relief, holding state's attempt to cure record deficiency by supplying appendix to district court could not cure lack of support for circuit court's order).
The other issues raised are without merit and as to those we affirm the summary denial. As for the ineffective assistance ground discussed above, we reverse and remand for an evidentiary hearing or the attachment of portions of the record conclusively showing Appellant is not entitled to relief, either on the merits or because the motion is successive.
Affirmed in part, reversed in part, and remanded for further proceedings.
SHAHOOD and TAYLOR, JJ., and OWEN, WILLIAM C., Jr., Senior Judge, concur.
NOTES
[1] Appellant is presently serving three consecutive life sentences for first degree murder, kidnapping, and burglary of a conveyance with an assault or battery. Each of these offenses is a specific intent crime. See Hylleberg v. State, 700 So.2d 807 (Fla. 5th DCA 1997) (first degree murder; kidnapping); Wright v. State, 675 So.2d 1009 (Fla. 2d DCA 1996) (kidnapping); Urquhart v. State, 676 So.2d 64 (Fla. 1st DCA 1996) (burglary).