744 So.2d 1048 (1999)
Joseph G. MOGAVERO, Jr., Appellant,
v.
STATE of Florida, Appellee.
Nos. 97-4276, 97-4280.
District Court of Appeal of Florida, Fourth District.
August 25, 1999.
*1049 Elliot B. Kula of Miller, Kagan, Rodriguez & Silver, P.A., West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Elaine L. Thompson, Assistant Attorney General, West Palm Beach, for appellee.
GROSS, J.
Joseph G. Mogavero, Jr. appeals his conviction of two counts of acting as a mortgage broker without a license and two counts of collection of an advance fee by a loan broker. See §§ 494.0018, 494.0025(3), 687.141(1), Fla. Stat. (1997). In a separate case, Mogavero appeals the revocation of his probation. We reverse the convictions under Chapter 494, because the trial court's instruction on the elements of the crime improperly expanded it beyond its statutory definition. We affirm the two convictions under section 687.141(1) and the revocation of probation.
The trial court was required to charge the jury on the elements of the crime of acting as a mortgage broker without a license. Reading sections 494.0018(1) and 494.0025(3) together, the crime charged was "knowingly" acting as a mortgage broker in Florida without a current, active license issued by the Department of Banking and Finance. One acts "knowingly" as a mortgage broker if he is aware that his conduct is of that nature. See O'Neill v. State, 684 So.2d 720, 722 n. 5 (Fla.1996).
In its charge defining the crime, the trial court included the following language:
[K]nowledge may be either actual or constructive, actual knowledge is knowledge known by a person. A person has constructive knowledge of fact if by the exercise of reasonable care he could have known of a fact.
This instruction improperly enlarged the scope of the crime beyond the language of the statute. Penal statutes are to be strictly construed in a manner most favorable to the accused. See Weber v. City of Fort Lauderdale, 675 So.2d 696, 698 (Fla. 4th DCA 1996); § 775.021(1), Fla. Stat. (1997). When the legislature defines a crime in specific terms, courts are without authority to define it differently. *1050 See State v. Jackson, 526 So.2d 58, 59 (Fla.1988). The language in a statute should be given its plain and obvious meaning. See C.S. v. S.H., 671 So.2d 260, 268 (Fla. 4th DCA 1996) (citation omitted). "Knowingly" means to act "[w]ith knowledge." BLACK'S LAW DICTIONARY 872 (6th ed.1990). The ordinary meaning of the term "knowledge" is "being aware of something," WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 665 (1988), or "awareness, as of a fact or circumstance." THE RANDOM HOUSE DICTIONARY OF THE ENGLISH LANGUAGE UNABRIDGED 793 (1967).
The use of the term "knowingly" in section 494.0018(1) requires that a defendant have actual knowledge or awareness that he is acting as a mortgage broker without a license. The court's instruction on "constructive knowledge" went beyond this definition to allow a conviction on less than actual knowledge, when, by the exercise of reasonable care, the defendant could have known that he was acting as a mortgage broker.
A trial court "should not give instructions which are confusing, contradictory, or misleading." Butler v. State, 493 So.2d 451, 452 (Fla.1986); see Gerds v. State, 64 So.2d 915, 916 (Fla.1953). As we wrote in Gross v. Lyons, 721 So.2d 304, 306 (Fla. 4th DCA 1998), review granted, 732 So.2d 326 (Fla. May 4, 1999):
Reversible error occurs when an instruction is not only an erroneous or incomplete statement of the law, but is also confusing or misleading.... The test is not whether a particular jury was actually misled, but "instead the inquiry is whether the jury might reasonably have been misled."
(Citations omitted). See Goldschmidt v. Holman, 571 So.2d 422, 425 (Fla.1990). Although a civil case, Gross is pertinent because the principles that underlie the giving of jury instructions are the same in civil and criminal cases. Lewis v. State, 693 So.2d 1055, 1059 (Fla. 4th DCA 1997) (Farmer, J., dissenting), review denied, 700 So.2d 686 (Fla. Sept.30, 1997).
When a court erroneously charges a jury on the elements of a crime, the harmless error doctrine should be invoked with great caution. In Gerds, the supreme court explained the constitutional significance of a correct charge to the jury on the elements of a crime:
It is an inherent and indispensable requisite of a fair and impartial trial under the protective powers of our Federal and State Constitutions as contained in the due process of law clauses that a defendant be accorded the right to have a Court correctly and intelligently instruct the jury on the essential and material elements of the crime charged and required to be proven by competent evidence. Such protection afforded an accused cannot be treated with impunity under the guise of `harmless error'.
64 So.2d at 916 (citations omitted).
One of Mogavero's defenses at trial was that he did not knowingly act as a mortgage broker without a license. As his attorney argued in closing:
Mr. Mogavero took a fee, but it wasn't to provide the services of a loan broker, it was to prepare a package, it was to provide an introduction, that's in his contract, you can see that, it's in it. He didn't knowingly act as a mortgage broker, that means he did not knowingly violate a statute.
Although there was substantial evidence that Mogavero knowingly violated the statute, the jury in this case might reasonably have been misled to convict him based on the less stringent state of mind standard contained in the jury instructions. For these reasons, we reverse the two convictions for acting as a mortgage broker without a license.
Mogavero next argues that certain of the prosecutor's comments during closing argument were error. At trial there was no objection to any of the alleged errors made by the prosecutor during closing argument. Because none of the *1051 prosecutor's statements amounted to fundamental error, any error in the closing argument was not preserved for review. See DeFreitas v. State, 701 So.2d 593, 602 (Fla. 4th DCA 1997) (Gunther, J., concurring). However, in the event of retrial, we note that the prosecutor's argument concerning the defendant's reasons for consulting with attorney David Corden were improper.
We find no error in the giving of the instruction on principals, in light of the defendant's use of a corporation he controlled to handle funds received from the victims. See Lewis, 693 So.2d at 1057.
We also find no error in the trial court's determination that there had been no discovery violation. See Lopez v. Singletary, 634 So.2d 1054, 1058 (Fla.1993); Stark v. Regency Highland Condominium Ass'n, 418 So.2d 1058 (Fla. 4th DCA 1982). On the appeal from the revocation of probation, we affirm. The two convictions under section 687.141(1) were sufficient to support a revocation of probation.
Affirmed in part, reversed in part, and remanded.
DELL and SHAHOOD, JJ., concur.