750 So.2d 655 (1999)
Charles WADMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 97-3802.
District Court of Appeal of Florida, Fourth District.
September 17, 1999.
Opinion Denying Rehearing November 10, 1999.
*656 Richard L. Jorandby, Public Defender, and Marcy K. Allen, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Sarah B. Mayer, Assistant Attorney General, West Palm Beach, for appellee.
GROSS, J.
The issue in this case is whether appellant Charles Wadman is entitled to a new trial because the trial court gave an incomplete and misleading jury instruction on circumstantial evidence. We hold that the instruction was prejudicial error and reverse.
Wadman was convicted of aggravated assault with a firearm contrary to sections 784.021 and 775.087(2), Florida Statutes (1997). He was sentenced to a three year mandatory minimum term of incarceration pursuant to section 775.087(2)(f). That section provides for such a minimum term of imprisonment if, during the commission of an enumerated offense, the defendant possessed a "`firearm' or `destructive device' as those terms are defined in s. 790.001." Section 790.001(6), Florida Statutes (1997), defines a "firearm" as
any weapon (including a starter gun) which will, is designed to, or may readily be converted to expel a projectile by the action of an explosive; the frame or receiver of any such weapon; any firearm muffler or firearm silencer; any destructive device; or any machine gun. The term "firearm" does not include an antique firearm unless the antique firearm is used in the commission of a crime.
The case arose from a neighborhood dispute, which began when a Rottweiler attacked another dog, "Teddy." The defendant's girlfriend owned the Rottweiler. The victim's daughter owned Teddy. The victim lived two houses away from the defendant.
Whether or not the defendant brandished a gun was hotly disputed at trial. The victim claimed that the defendant waved a gun in front of her. From a distance of 50 to 60 feet, the victim's husband saw the defendant wave a pistol. The victim's son saw the defendant pull a pistol from behind his back. Viewing the scene from the house next door, a witness saw a gun in the defendant's hand.
Shortly after the incident, two sheriff's deputies arrived on the scene and encountered the defendant as he entered his home through a sliding glass door to the backyard. Neither a search of the defendant, nor a five to ten minute search of the residence and yard revealed a weapon. The defendant denied owning a gun. The defendant's girlfriend testified that the defendant did not own a gun and that he did not wave a gun on the day of the crime. The defendant's roommate testified that he did not see him with a gun on the day of the incident. The state did not introduce a gun into evidence at the trial.
The trial court defined a "firearm" for the jury in accordance with section 790.001(6). Over the defendant's objection, the court gave the following instruction:
Let me tell you because the definition of firearm does not involve proof that a gun is loaded or operable, the Defendant's use of a firearm during a crime can be established even if the gun is not *657 recovered and received into evidence. Circumstantial evidence can be sufficient to establish the use of a firearm.

(Italics supplied). The instruction was based on language from Mitchell v. State, 698 So.2d 555, 558 (Fla. 2d DCA), approved, 703 So.2d 1062 (Fla.1997). Although a correct statement of the law, the language is not designed to be a jury instruction on circumstantial evidence.
For criminal cases, the supreme court eliminated the standard jury instruction on circumstantial evidence in 1981. See In re Standard Jury Instructions in Criminal Cases, 431 So.2d 594 (Fla.1981). Before that time Florida Standard Jury Instruction (Crim.) 2.14 provided:
Circumstantial evidence is legal evidence and a crime (any fact to be proved) may be proved by such evidence. A well-connected chain of circumstances is as conclusive, in proving a crime (fact), as is positive evidence. Its value is dependent upon its conclusive nature and tendency.
Circumstantial evidence is governed by the following rules:
1. The circumstances themselves must be proved beyond a reasonable doubt.
2. The circumstances must be consistent with guilt and inconsistent with innocence.
3. The circumstances must be of such a conclusive nature and tendency that you are convinced beyond a reasonable doubt of defendant's guilt (the fact to be proved).
If the circumstances are susceptible of two reasonable constructions, one indicating guilt and the other innocence, you must accept that construction indicating innocence.
Circumstances which, standing alone, are insufficient to prove or disprove any fact may be considered by you in weighing direct and positive testimony.
The supreme court deleted this instruction from the standard instructions, finding that where the jury is properly instructed on the standard of reasonable doubt, the circumstantial evidence instruction was "confusing and incorrect." In re Standard Jury Instructions, 431 So.2d at 595 (quoting Holland v. United States, 348 U.S. 121, 139-40, 75 S.Ct. 127, 99 L.Ed. 150 (1954)). The deletion of the instruction does not "totally prohibit" the instruction if the "trial judge, in his or her discretion, feels that such is necessary under the peculiar facts of a specific case." Id.; Larzelere v. State, 676 So.2d 394, 401 (Fla.1996); Rembert v. State, 445 So.2d 337, 339 (Fla.1984). Reported cases since 1981 have upheld trial courts' refusals to give a requested instruction on circumstantial evidence. See, e.g., Branch v. State, 685 So.2d 1250, 1252-53 (Fla.1996); Rembert, 445 So.2d at 339; Williams v. State, 437 So.2d 133 (Fla. 1983); Perdue v. State, 421 So.2d 816 (Fla. 4th DCA 1982).
The problem with the instruction in this case is that it diminishes the state's burden of proof with respect to one element of the crime charged. After explaining that the state may establish the defendant's use of a firearm "even if the gun is not recovered and received into evidence," the instruction tells the jury that "circumstantial evidence can be sufficient to establish the use of a firearm." The problem is that the instruction uses the term "circumstantial evidence" without defining it or explaining how the jury is to view such evidence. Common definitions of "circumstantial" are "[o]f no primary significance," "incidental," "inessential," and "secondary." See WEBSTER'S II NEW RIVERSIDE UNIVERSITY DICTIONARY 265 (1984); THE AMERICAN HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE 244 (1978); THE RANDOM HOUSE DICTIONARY OF THE ENGLISH LANGUAGE UNABRIDGED 269 (1967).
The instruction's undefined use of the term "circumstantial evidence" could have led the jury to believe that one element of the crime did not need to be established beyond a reasonable doubt, but only by *658 "secondary" or "incidental" evidence. Even the old standard instruction, which the supreme court found to be "confusing," emphasized that proof by circumstantial evidence was not a watering down of the reasonable doubt standard that the state was required to meet. To make the instruction in this case even more confusing, most of the state's evidence about whether the defendant even had a gun was not circumstantial, but direct; the witnesses either saw the gun in the defendant's hand or they did not.
A trial court "`should not give instructions which are confusing, contradictory, or misleading."` Mogavero v. State, 744 So.2d 1048 (Fla. 4th DCA 1999) (quoting Butler v. State, 493 So.2d 451, 452 (Fla.1986)); see Gerds v. State, 64 So.2d 915, 916 (Fla.1953). Where an instruction is confusing or misleading, prejudicial error occurs where the "`jury might reasonably have been misled."` Mogavero (quoting Gross v. Lyons, 721 So.2d 304, 306 (Fla. 4th DCA 1998), review granted, 732 So.2d 326 (Fla.1999)). As the supreme court wrote in Allstate Insurance Co. v. Vanater, 297 So.2d 293, 295 (Fla.1974):
[a]n instruction which tends to confuse rather than enlighten the jury is cause for reversal if it may have misled the jury and caused them to arrive at a conclusion that otherwise they would not have reached.
Because we cannot say beyond a reasonable doubt that the confusing and misleading instruction did not affect the jury's verdict, we reverse Wadman's conviction of aggravated assault with a firearm. See Bell v. State, 645 So.2d 37, 38 (Fla. 1st DCA 1994).
GUNTHER and HAZOURI, JJ., concur.

ON MOTION FOR REHEARING
GROSS, J.
In its motion for rehearing, the state calls our attention to a matter that was omitted from its answer brief and was not addressed in our original opinion:
[T]he term "circumstantial evidence", without any further definition, appears in several standard criminal jury instructions. The standard instructions on `Accessory After the Fact', `Burglary', `Use or Possession of Drug Paraphernalia', `Delivery, Possession with Intent to Deliver, or Manufacture with the Intent to Deliver Drug Paraphernalia', and `Delivery of Drug Paraphernalia to a Minor', all provide that the intent element of those offenses may be established by circumstantial evidence, yet none of those instructions defines or otherwise explains circumstantial evidence. Fla. Std. Jury Instr. (Crim.) [73, 196, 321, 327, 332].
We distinguish the charge given in this case from the standard jury instructions cited by the state. In this case, the court merged the charge on aggravated assault with a firearm with the charge on the lesser included offense of aggravated assault with a deadly weapon. As a result, the charge was confusing as read. One interpretation of it was that the state had to prove beyond a reasonable doubt that the defendant used a deadly weapon, but that it only had to prove the use of a firearm by some lesser standard. The possibility of error was magnified by the court's direct reference to the evidence at trial, where the state did not introduce a firearm into evidence.
The standard jury instructions cited by the state use the term "circumstantial evidence" in a narrower context unlikely to dilute the reasonable doubt standard. First, the term is used in that portion of the instructions pertaining to intent, which is not an observable fact, but a state of mind which must be inferred from other facts. This use contrasts with that in this case, where the use of a firearm is an act which will typically be established by direct evidence, with little need to resort to inferences.
*659 Second, the standard jury instructions counterpoise the term "circumstantial evidence" with the concept of "direct evidence." For example, the standard instruction on burglary states:
The intent with which an act is done is an operation of the mind and, therefore, is not always capable of direct and positive proof. It may be established by circumstantial evidence like any other fact in the case.
Fla. Std. Jury Instr. (Crim.) [196]. (Emphasis supplied).
In this context, the term is properly understood to mean "indirect" evidence, a concept not foreign to a jury and one which does not impact the burden of proof by suggesting a lesser standard or quality of evidence. Read in conjunction with those portions of the instructions that intent is an element of a crime that must be proven beyond a reasonable doubt, there is little risk that the standard instructions will diminish the state's burden of proof.
The state's motion for rehearing is denied.
GUNTHER and HAZOURI, JJ., concur.