NESBITT, J.
In March 1993, Jesus Veloz was repairing an automobile transmission at Bird Road Mazda (Bird Mazda) when the lift he was working under dropped two feet and injured him. Veloz alleged that on several occasions before the accident, he had complained to his employer about his lift “jumping up,” or jerking when it was in the raised position. Flamingo Oil Company serviced the equipment at Bird Mazda on a regular basis. Upon being called by Bird Mazda, Flamingo’s technician had inspected the lift, diagnosed that its seals were leaking oil, and told Bird Mazda that the seals needed to be replaced. The Flamingo technician had noted on a work order submitted to Bird Mazda that “all seals on Weaver twin post [including Vel-oz’s lift] need resealing” and listed a cost estimate of $300 next to this notation. On a subsequent visit, the Flamingo technician added oil to the lift. Flamingo maintained it could do no more without Bird Mazda’s permission. Veloz also alleged that the Flamingo technician had misrepresented that the lift was “done,” which Veloz interpreted as an assurance the lift was safe to work under.
After his injury, Veloz sued Bird Mazda and Flamingo, arguing theories of negligent failure to repair, negligent failure to warn, and negligent misrepresentation against Flamingo. Flamingo’s position was that it could not make any repairs without Bird Mazda’s approval, and that any statement that the lift was done simply meant that the technician had done all that he had been authorized to do. In its defense, Bird Mazda maintained that Flamingo had the authority to make whatever repairs were necessary.
*348 The ease was tried to a jury. At the end of the four-day trial, Flamingo filed a motion for a directed verdict on Veloz’s three negligence claims. The trial court granted the motion as to negligent failure to warn, and allowed the two other claims to go to the jury. The jury was instructed to apportion fault, if any, between Flamingo, Bird Mazda, and Veloz.
During closing arguments, Veloz’s counsel informed the jury that Flamingo’s responsibility for damages would depend solely on the jury’s fault allocation. Flamingo’s counsel told the jury that this was a blatant misstatement of Florida law. Addressing economic damages sought, Flamingo’s counsel informed the jury:
If Flamingo Oil is found one percent liable, one percent, they are responsible for every single penny of that. They will have to pay every penny.
On rebuttal, Veloz’s counsel, stated:
And let me just say this: Let me say this in deference to Mr. Burd.[Flamin-go’s counsel] He’s right about one thing, the percentages that you’re going to award apply only to the economic damages.
If you apportion the numbers between Bird Road Mazda and Flamingo, that will apply, those percentages, only to these numbers.
The pain and suffering numbers that I asked you all about on the other page, the $250,000 — two million dollars, I suggested those are not apportioned and he’s right about that. I misled you. I apologize.
Forty five minutes after the jury retired they asked:
We’re confused about question # 1. We have to say yes to answer any further questions. If we say yes is Flamingo Oil the only one responsible or are they held responsible as in question # 4 as to the %. Mr. Bird [sic] said that if they are found 1% guilty they are required to pay it all![1]
Thereafter ensued lengthy discussion between the court and counsel about how to appropriately clarify the legal effect of the jury’s negligence apportionment and explain the doctrine of joint and several liability with regard to economic damages. At that point, Veloz’s counsel requested that the court instruct the jury that “everything gets apportioned” according to fault. The trial court chose Veloz’s explanation, concluding “I’m going to tell the jury all damages awarded are apportioned according to percentage attributable to each entity, period.” When Flamingo’s counsel objected, the court responded that “if you’re so sure of your position, your position as indeed as I am, this is what makes reversible error. You now have an insurance policy. You hear what I’m giving him. I’m giving him an insurance policy for revers[al][2].”
When the jurors returned to the courtroom, the judge informed the jury:
with respect to your question or questions, here is my answer: And I, as the Judge, tell you this to be the law. And again that’s to take it — -it in conjunction with what the lawyers told you because the law does take unusual turns under different scenarios which I am not going *349 to go into right now. All damages you award are apportioned according to the percentage attributable to each entity. That’s the best I can do. And I[ask] that you now retire to continue your deliberations.
The jury awarded Veloz $792,000 in economic damages and $800,000 in noneco-nomic damages; it attributed 35% of the fault to Flamingo, 60% to Bird and 5% to Veloz. Upon that verdict, the court entered judgment against Flamingo for $1,072,000, reflecting Flamingo’s joint and several liability for 95% of the economic damages. After the trial court denied Flamingo’s motion for judgment notwithstanding the verdict, motion for new trial, and motion for remittitur, Flamingo timely appealed.
As observed in Wadman v. State, 750 So.2d 655 (Fla. 4th DCA 1999):
A trial court “ ‘should not give instructions which are confusing, contradictory, or misleading.’ ” Mogavero v. State, 744 So.2d 1048 (Fla. 4th DCA 1999) (quoting Butler v. State, 493 So.2d 451, 452 (Fla. 1986)); see Gerds v. State, 64 So.2d 915, 916 (Fla.1953). Where an instruction is confusing or misleading, prejudicial error occurs where the “ ‘jury might reasonably have been misled.’ ” Mogavero (quoting Gross v. Lyons, 721 So.2d 304, 306 (Fla. 4th DCA 1998), review granted, 732 So.2d 326 (Fla.1999)). As the supreme court wrote in Allstate Insurance Co. v. Vanater, 297 So.2d 293, 295 (Fla.1974):
[a]n instruction which tends to confuse rather than enlighten the jury is cause for reversal if it may have misled the jury and caused them to arrive at a conclusion that otherwise they would not have reached.
We agree with Veloz’s argument that on conflicting evidence, the jury was entitled to determine Flamingo Oil liable for either or both of Veloz’s claim of negligent failure to repair or negligent misrepresentation. We disagree, however, with Veloz’s argument that the fact that the jury was misinformed about the consequences of the verdict is of no import.
The trial court instructed the jury that all of Veloz’s damages would be apportioned amongst the joint tortfeasors according to percentages of fault. This instruction was legally wrong and harmful to Flamingo. It undermined the credibility of Flamingo’s counsel, who had correctly informed the jury that economic damages would not be apportioned, and deceived the jury into believing that by allocating a small amount of fault to Flamingo, it would be requiring Flamingo to pay only a minimal share of the economic damages. The fact is that the trial court’s misinstruction on damages may well have had an impact on the jury’s apportionment of fault.
Accordingly, the order under review is reversed and the cause remanded for a new trial.

. Question # 1 on the verdict-form asked the jury "[wjas there negligence on the part of the defendant, Flamingo Oil Company which was a legal cause of injury to the plaintiff, Jesus Veloz?” Question # 4 requested the jury to allocate the percentages of fault for Veloz's injury between Bird Road Mazda, Veloz, and Flamingo.

. Section 768.81(3) Florida Statutes (1997) provides:
(3) Apportionment of damages. — In cases to which this section applies, the court shall enter judgment against each party liable on the basis of such party's percentage of fault and not on the basis of the doctrine of joint and several liability; provided that with respect to any party whose percentage of fault equals or exceeds that of a particular claimant, the court shall enter judgment with respect to economic damages against that party on the basis of the doctrine of joint and several liability. (Emphasis added.)