771 So.2d 10 (2000)
Michael P. SZYMANOWSKI, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-1159.
District Court of Appeal of Florida, Fourth District.
September 27, 2000.
Rehearing Denied November 1, 2000.
*11 Michael Szymanowski, Miami, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Appellant was charged with two counts of attempted murder on his ex-girlfriend and her boyfriend. Initially, the State offered appellant a sentence of ten years imprisonment in exchange for a plea, which he rejected on the basis of his attorney's advice. This plea offer was later withdrawn and the State offered a negotiated plea of twelve years followed by ten years probation.[1] Appellant accepted this offer, entered a plea of nolo contendere and was sentenced in accordance with his plea. After his sentencing, appellant filed a rule 3.850 motion for post-conviction relief alleging, among other things, ineffective assistance of counsel. Specifically, he alleged his counsel was ineffective because, one, he misadvised him to reject the earlier plea offer and, two, he failed to assert an affirmative defense of intoxication, inform him of this defense and investigate and interview witnesses who would have confirmed his intoxication. The trial court summarily denied his motion. We affirm in part and reverse in part.
As to appellant's first claim of ineffective assistance of counsel, we agree with the trial court that appellant is not entitled to relief. Misinformation by counsel affecting a defendant's decision to accept a plea may constitute ineffective assistance of counsel under certain circumstances. See Steel v. State, 684 So.2d 290, 291-92 (Fla. 4th DCA 1996). However, appellant has not indicated the basis of any misinformation or misadvice (i.e., what erroneous information he received from counsel which caused him to accept the plea offer and not proceed to trial). He merely alleges counsel told him to reject the plea, which he did. This, without more, does not demonstrate that counsel fell below the "objective" standard of reasonableness under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See Gonzales v. State, 691 So.2d 602 (Fla. 4th DCA 1997)(rejecting a plea and proceeding to trial is a tactical or strategic decision, which cannot be the basis of an ineffective assistance of counsel claim.)
As to his second claim of ineffective assistance of counsel, appellant alleged he informed counsel of his intoxication at the time he committed the offenses, but his attorney failed to interview witnesses and investigate the circumstances of his alleged intoxication, prepare an voluntary intoxication defense and advise him that intoxication can present a defense. He further alleged that had he been advised by counsel of this defense, he would not have accepted the plea and would have proceeded to trial. The trial court rejected this claim because appellant failed to sufficiently allege a factual basis for the intoxication defense. The trial court also found no merit to this claim because appellant chose to accept a plea and waived his *12 right to raise affirmative defenses. We disagree and reverse and remand on this issue. See Smith v. State, 719 So.2d 1017 (Fla. 4th DCA 1998); Bartley v. State, 689 So.2d 372 (Fla. 1st DCA 1997); Jenkins v. State, 625 So.2d 883 (Fla. 1st DCA 1993); and Paulk v. State, 723 So.2d 909 (Fla. 1st DCA 1999).
The other issues raised on appeal are without merit and we affirm the summary denial of appellant's 3.850 motion on those issues. As for the second ineffective assistance issue discussed above, we reverse and remand for an evidentiary hearing or the attachment of portions of the record conclusively showing appellant is not entitled to relief.
Affirmed in part, reversed in part, and remanded for further proceedings.
WARNER, C.J., KLEIN and STEVENSON, JJ., concur.
NOTES
[1] The circumstances behind this do not appear in the record, however, it appears from appellant's brief that an assistant attorney general made the initial plea offer, but was later replaced in the case by another lawyer. Irrespective of the circumstances behind the revised plea offer, they are not material to our disposition of the case.