PER CURIAM.
Markham Young, Appellant, challenges the order denying his motion for postcon-viction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse and remand.
The Appellant filed his motion more than two years after his judgment and sentence became final, alleging that a witness’ recantation was newly discovered evidence that permitted the untimely motion.[1] The trial court denied the motion, finding that it was successive and an abuse of process. The trial court attached a copy of the order denying Appellant’s previous rule 3.850 motion to its order denying relief.
Florida Rule of Criminal Procedure 3.850(f) provides:
[ a] second or successive motion may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the movant or the attorney to assert those grounds in a prior motion constituted an abuse of procedure....
*1214 We find that the record attachment does not assist us in reviewing whether the motion was successive and an abuse of procedure. See Smith v. State, 719 So.2d 1017 (Fla. 4th DCA 1998) (citing Bell v. State, 585 So.2d 496 (Fla. 2d DCA 1991)). Although the trial court attached the denial of Appellant’s previous postconviction motion to its order, that record does not shed light on whether Appellant’s newly discovered evidence claim was raised previously or whether Appellant could have raised it in his previous motion.
As further grounds for its denial, the trial court reasoned that the record conclusively refuted the claim. The court referred to the testimony of two other witnesses. However, the court did not attach portions of the record refuting the claim. As the Appellant’s claim is legally sufficient and the trial court did not attach record portions refuting the claim, we reverse the order denying relief and remand to the trial court. Upon remand, the trial court shall attach portions of the record which conclusively show that Appellant is not entitled to relief, either on the merits or because the motion is successive under Florida Rule of Criminal Procedure 3.850(f). If the court is not able to do so, the court shall hold an evidentiary hearing.
REVERSED AND REMANDED. '■
SHAHOOD, TAYLOR and HAZOURI, JJ., concur.

. Florida Rule of Criminal Procedure 3.850(b) provides, in relevant part, "No other motion shall be filed or considered pursuant to this rule if filed more than 2 years after the judgment and sentence become final in a noncapi-tal case ... unless it alleges that (1) the facts on which the claim is predicated were unknown to the movant or the movant’s attorney and could not have been ascertained by the exercise of due diligence....”