STONE, J.
Tookes appeals his conviction and sentence for robbery with a firearm. We reverse.
Marvin Carver was robbed of his wallet by a man who appeared to be holding a handgun underneath a piece of cloth. Carver could see the silver tip of a barrel sticking out from underneath the cloth. He admitted he could not see enough of the gun to determine whether it was a real gun or a plastic gun. However, he claimed to have seen and heard the man cock the gun underneath the cloth. Carver was further convinced the man had a gun when the man advised him: “Don’t do something stupid, give me your wallet, don’t make me kill you.” Carver identified Tookes as the assailant.
At the close of trial, the court read the Florida Standard Jury Instructions for robbery, which included the definition of a firearm. It then instructed the jury that it could find Tookes guilty of robbery with a firearm if it found that Tookes carried or displayed a firearm during the commission of the robbery. During deliberations, the jury inquired: “Does the state have to prove a weapon was a real firearm?” After some debate, and over defense counsel’s objection, the trial court answered: “the State does not have to prove that a weapon was a real firearm, so that is not an element, not a burden of proof.”
To prove armed robbery with a firearm, the state must show that the defendant carried a firearm in the course of committing the robbery. Holliday v. State, 781 So.2d 496, 498 (Fla. 5th DCA 2001).
Sections 812.13(1) and (2), Florida Statutes (2001), provide:
(1) “Robbery” means the taking of money or other property which may be the subject of larceny from the person or *1065 custody of another, with intent to either permanently or temporarily deprive the person or the owner of the money or other property, when in the course of the taking there is the use of force, violence, assault, or putting in fear.
(2)(a) If in the course of committing the robbery the offender carried a firearm or other deadly weapon, then the robbery is a felony of the first degree ...
(b) If in the course of committing the robbery the offender carried a weapon, then the robbery is a felony of the first degree ...
(c) If in the course of committing the robbery the offender carried no firearm, deadly weapon, or other weapon, then the robbery is a felony of the second degree ...
(emphasis added)
The term “firearm” is defined, according to chapter 15.1 of the Florida Standard Jury Instructions and section 790.001(6), as,
any weapon (including a starter gun) which will, is designed to, or may readily be converted to expel a projectile by the action of an explosive; the frame or receiver of any such weapon; any firearm muffler or firearm silencer; any destructive device, or any machine-gun. The term “firearm” does not include an antique firearm unless the antique firearm is used in the commission of a crime.
§ 790.001(6), Fla. Stat. (2001); see also Stanley v. State, 757 So.2d 1275 (Fla. 4th DCA 2000)(approving this definition of firearm as correct statement of the law). Patently, if the jury believed that Tookes carried a toy gun, it could not lawfully find him guilty of carrying a firearm.
We note that the sufficiency of the evidence is not an issue in this appeal. Tookes simply argues that the jury may have been misled or confused by the court’s answer to its question. The court told the jury that the state did not have to prove that the firearm was real and that the use of a real firearm was “not an element.” This is an incorrect statement of the law, as it authorizes the jury to find him guilty of the firearm offense even if it did not find that Tookes used a “real” gun, and instead used only a toy or imitation gun. Obviously, we cannot know what the jury’s finding was on this point.
Thus, the error was not harmless because it cannot be said, beyond a reasonable doubt, that the error did not affect the verdict. See Goodwin v. State, 751 So.2d 537-544 (Fla.1999). The only proof that Tookes used a firearm came from Carver who did not see the gun clearly and only had a few seconds to make the assessment.
As to the other issue raised on appeal, we find no reversible error, as the issue was not preserved.
Although normally the remedy would be a new trial, the state has stipulated that, in the event of reversal, it requests that this court remand with instructions for entry of a judgment and sentence for the lesser offense of simple robbery pursuant to section 812.13(2)(c), Florida Statutes. We accept the state’s stipulation and reverse and remand accordingly.
WARNER and FARMER, JJ., concur.