901 So.2d 885 (2005)
James WILSON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-3982.
District Court of Appeal of Florida, Fourth District.
March 23, 2005.
Rehearing Denied May 26, 2005.
James Wilson, South Bay, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Laurel R. Wiley, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
James Wilson appeals a trial court order which summarily denied his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse and remand the denial of his motion for the reasons set forth below.
Wilson alleged ineffective assistance of his trial counsel for failing to accurately inform him regarding whether he could have been convicted on charges of robbery with a firearm and armed burglary based on the use of a BB gun during the offense. Defendant claimed that but for his attorney's misadvice on this issue, he would not have accepted a guilty plea and sentence of twenty years and that he would have proceeded to trial instead.
A claimant for post-conviction relief is entitled to an evidentiary hearing if he specifies facts, not conclusively rebutted by the record, which demonstrate counsel's deficient performance that prejudiced the claimant at trial. See Rose v. State, 617 So.2d 291, 296 (Fla.1993), cert. denied, 510 U.S. 903, 114 S.Ct. 279, 126 L.Ed.2d 230 *886 (1993). Defendants state legally sufficient claims where they allege that they entered a plea because counsel failed to inform them of a viable defense available if they proceeded to trial. See Seraphin v. State, 706 So.2d 913 (Fla. 4th DCA 1998); Smith v. State, 719 So.2d 1017 (Fla. 4th DCA 1998); Szymanowski v. State, 771 So.2d 10 (Fla. 4th DCA 2000).
The record reflects that defendant was charged in case number 99-1797 with armed burglary, two counts of robbery with a firearm, and another count of burglary; he was charged in case number 99-3008 with one count of robbery with a firearm; and he was charged in case number 98-26083 with two counts of robbery with a firearm. He entered a plea of guilty to the charges in exchange for a sentence at the bottom of the guidelines. He alleges that he told his counsel that in all of the incidents he had used an inoperable BB gun, but that she advised him that it would not matter whether or not the gun operated for purposes of convicting him. The charging informations for each of Wilson's robbery offenses allege that in the course of the robberies, either that "there were carried firearms" or "that there was carried a firearm" and none otherwise include language alleging the use of a "deadly weapon" or a "weapon."
A BB gun is not a firearm as defined by section 790.001, Fla. Stat. (1998); see Mitchell v. State, 698 So.2d 555 (Fla. 2d DCA 1997). A "firearm" is "any weapon which will, is designed to, or may readily be converted to expel a projectile by the action of an explosive; the frame or receiver of any such weapon; any firearm muffler or firearm silencer; and destructive device; or any machine gun." § 790.001. This definition excludes BB guns because they do not use the "action of an explosive." Mitchell, 698 So.2d at 558. While we have previously held in In re W.M., 491 So.2d 1263 (Fla. 4th DCA 1986) and Emshwiller v. State, 443 So.2d 488 (Fla. 2d DCA 1984) that a BB gun could be considered a "deadly weapon" or a "weapon," Wilson was not charged with robbery with a deadly weapon or armed robbery, but only with robbery with a firearm. Charges of robbery with a firearm require the State to prove an actual firearm was used during the commission of the crime. Tookes v. State, 842 So.2d 1063 (Fla. 4th DCA 2003), Bell v. State, 645 So.2d 37 (Fla. 1st DCA 1994). Whether the State could have done so on the robbery charges in Wilson's case is not conclusively refuted by the record.
Thus we hold that Wilson's allegations that he would have proceeded to a jury trial had he been informed of a viable defense to the charges of robbery with a firearm state a legally sufficient claim for ineffective assistance of counsel. As such, it was error to summarily deny it without either an evidentiary hearing or record attachments which sufficiently refute the claim. Consequently, we reverse the trial court's summary denial of Wilson's motion, and remand for attachment of portions of the record refuting his claim or for an evidentiary hearing.
FARMER, C.J., KLEIN and GROSS, JJ., concur.